**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RUI MAE WANG,

    Defendant - Appellant.

No. 24-6104
(D.C. No. 5:22-CR-00240-JD-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MATHESON**, Circuit Judges.
_____

The government has filed a motion to enforce the appeal waiver in Rui Mae

Wang's plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004)

(en banc) (per curiam).  Exercising jurisdiction under 28 U.S.C. § 1291, we grant the

motion and dismiss the appeal.

## Background

Ms. Wang was involved in an illegal marijuana operation.  The government

filed a Superseding Information, charging her with conspiracy to possess with intent

to distribute 100 kilograms or more of marijuana.  Ms. Wang pled guilty to

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

participation in a drug conspiracy in violation of 21 U.S.C. § 846, and she forfeited assets obtained through that conspiracy. In exchange for her plea, the government agreed to dismiss an earlier indictment and not to further prosecute her for drug-trafficking crimes committed during a designated timeframe. The maximum potential penalty for her guilty plea was up to 40 years in prison, or a $5,000,000 fine, or both. She also faced up to a life term of supervised release.

In her plea agreement, Ms. Wang explicitly waived "the right to appeal [her] guilty plea" and her "sentence, including any restitution, and the manner in which the sentence is determined, including its procedural reasonableness," provided the sentence is not "above the advisory Guidelines range determined by the Court to apply to [her] case." Mot. to Enforce, Attach. 1 at 9-10. The district court sentenced her to 42 months in prison, below the advisory Guidelines range of 70-87 months in prison, and imposed a two-year term of supervised release.

Despite the appeal waiver in her plea agreement, Ms. Wang seeks to appeal her sentence. The government moved to enforce the appeal waiver under *Hahn*. Ms. Wang's counsel filed a response with an *Anders* brief and requested leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967) (holding defense counsel may "request permission to withdraw" when counsel conscientiously examines a case and determines that an appeal would be "wholly frivolous").[1]

---

[1] Counsel's initial response did not comply with all of the requirements of *Anders* and Tenth Circuit Rule 46.4(B)(1), but counsel remedied those deficiencies in two subsequent filings.

Counsel stated that Ms. Wang had no nonfrivolous claims in response to the motion to enforce, the appeal waiver applies, and the record clearly shows Ms. Wang's plea was knowing and voluntary. She explained, however, that Ms. Wang continues to believe "the sentence was too high based on her conduct and her lack of knowledge at the time of the conduct." Aplt. Resp. to Mot. to Enforce (Sept. 26, 2024) at 2-3. In light of these "differing views," counsel asked the court to allow Ms. Wang to file a pro se response and requested leave to withdraw if necessary. *Id.* at 3. Consistent with the procedure outlined in *Anders*, the court allowed Ms. Wang to file a pro se response to show why the appeal waiver should not be enforced. The deadline for doing so has passed, with no response.

## Discussion

The court has independently and thoroughly examined the record per *Anders*. We agree with the government and defense counsel that Ms. Wang's appeal waiver bars this appeal.

The government's motion to enforce requires us to determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. A miscarriage of justice occurs "where the district court relied on an impermissible factor such as race, where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, where the sentence exceeds the statutory maximum, or where the waiver is otherwise

3

unlawful." *Id.* at 1327 (bracketed numbers and internal quotation marks omitted). For a waiver to be "otherwise unlawful," the district court must have made an error that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

All three considerations support enforcing the waiver here. First, Ms. Wang's appeal of her sentence falls within the scope of the waiver. As explained above, she waived her right to appeal her sentence unless it was above the advisory Guidelines range. It was not. Second, both the motion to enforce and the counseled response pinpoint numerous excerpts from the plea agreement and the plea hearing that establish Ms. Wang, with the help of a translator, knowingly and voluntarily waived her right to appeal. Finally, we see nothing in the record to suggest that enforcement of the appeal waiver would cause a miscarriage of justice.

## Conclusion

We grant the government's motion to enforce the appeal waiver and dismiss this appeal. We also grant defense counsel's request to withdraw.

Entered for the Court

Per Curiam